No. 00-025

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 272N

IN THE MATTER OF A.D., C.D., and B.D.,
Youths in Need of Care.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen; Public Defenders Office; Great Falls, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Tammy Plubell,

Assistant Attorney General; Helena, Montana

Submitted on Briefs: August 3, 2000
Decided: October 26, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 This is an appeal by Tina M. from a November 21, 1999 order of the District Court, Eighth Judicial District in and for the County of Cascade, terminating her parental rights to A.D., C.D., and B.D. The parental rights of the natural father, David D., were also terminated. He, however, is not a party to this appeal. We affirm the decision of the District Court.

¶3 Tina argues on appeal that the District Court erred in concluding that Tina had abandoned the children and in terminating her parental rights on that basis.

¶4 The Department of Public Health and Human Services (DPHHS) argues that this Court need not reach the issue of abandonment because the District Court set forth other grounds for termination which were supported by substantial evidence.

¶5 In an appeal of an order terminating parental rights, this Court reviews the district court's conclusions of law to determine whether the court interpreted the law correctly. In re M.A.E., 1999 MT 341, ¶ 17, 297 Mont. 434, ¶ 17, 991 P.2d 972, ¶ 17. This Court reviews the district court's findings of fact to determine whether the court's findings are clearly erroneous. A finding of fact is clearly erroneous only if it is not supported by substantial evidence, if the district court misapprehended the effect of the evidence or, if after reviewing the record, this Court is left with a definite and firm conviction that the district court made a mistake. *In re M.A.E.*, ¶ 17.

¶6 In light of the parent's fundamental liberty interest in the care and custody of a child, a district court must adequately address each applicable statutory requirement before terminating an individual's parental rights. In re E.W., 1998 MT 135, ¶ 12, 289 Mont. 190, ¶ 12, 959 P.2d 951, ¶ 12.

¶7 Courts must, when considering the criteria for termination of parental rights, give primary consideration to the best interests of the child as demonstrated by the child's physical, mental, and emotional needs. In re J.N., 1999 MT 64, ¶ 13, 293 Mont. 524, ¶ 13, 977 P.2d 317, ¶ 13. This Court will presume that a district court's decision is correct and

will not disturb it on appeal unless there is a mistake of law or a finding of fact not supported by substantial evidence that would amount to a clear abuse of discretion. In re J. R. and S.D. (1992), 253 Mont. 434, 440-41, 833 P.2d 1063, 1067.

¶8 Here, the District Court found that Tina and David "abandoned the youths by surrendering physical custody of the children to the State for a period of over six months without manifesting . . . intention of resuming physical custody or making permanent legal arrangements for the care of the children." Based on this finding, the court then concluded that Tina and David abandoned the youths.

¶9 It is from this finding of abandonment that Tina appeals. Tina concedes that she left the children on August 14, 1997, only to return in September of 1998. She further concedes that if the State had proceeded to terminate her rights as of September 1998, there would have been no dispute that the children had been abandoned. However, since she returned in September 1998, and became involved in parenting training, Tina contends the court "could no longer reasonably believe that she did not intend to resume the care of the children." Therefore, Tina concludes, § 41-3-102(1)(a), MCA, which defines abandonment, cannot be used as a basis for terminating her parental rights.

¶10 DPHHS correctly points out that, in addition to concluding that Tina had abandoned the children, the District Court also concluded that the treatment plan which DPHHS prepared for Tina was reasonable; that Tina did not comply with the treatment plan; and "[t]he portions of the treatment plan that were attempted were not sufficiently successful to anticipate that she will be in a position to parent these children at any time in the foreseeable future." The court went on to conclude that Tina "is unfit and unable to provide adequate parental care, and reasonable efforts by protective services agencies have been unable to rehabilitate her. The conduct or condition of [the father and the mother] rendering them unfit is unlikely to change within a reasonable time."

¶11 Tina does not challenge the District Court's findings and conclusions that she did not complete the treatment plan, that she is unfit and unable to provide adequate parental care and that her condition is unlikely to change within a reasonable time. Furthermore, our review of the record shows that these findings are supported by substantial evidence.

¶12 The criteria for termination of parental rights are set forth by statute, § 41-3-609, MCA. Abandonment is one of the enumerated criteria. However, as a separate and independent basis, the statute also provides that the court may terminate if the child is an

adjudicated youth in need of care and both of the following exist: an appropriate treatment plan that has been approved by the court has not been complied with by the parents or has not been successful; and the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA.

¶13 We hold that, although the District Court concluded that Tina had abandoned the children, it also concluded that the children were youths in need of care, that she had not complied with a court approved treatment plan and that her condition was unlikely to change within a reasonable time. Since this latter basis is independent of any finding of abandonment and is itself a legally sufficient basis for termination, we need not address the question of abandonment.

¶14 We affirm the decision of the District Court.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER